(Cfficial Form 1) (9/97)

| FORM B1 | UNITED STATES BANKRUPTCY COURT<br>NORTHERN DISTRICT OF ILLINOIS<br>EASTERN DIVISION | **Voluntary Petition** |
|---|---|---|

| NAME OF DEBTOR (if individual, enter Last, First Middle):<br><br>*Vesely, Alex* | NAME OF JOINT DEBTOR (Spouse) (Last, First, Middle): |
|---|---|
| ALL OTHER NAMES USED BY THE DEBTOR IN THE LAST 6 YEARS<br>(include married, maiden, and trade names):<br>*NONE* | ALL OTHER NAMES USED BY THE JOINT DEBTOR IN THE LAST 6 YEARS<br>(include married, maiden, and trade names): |
| SCC. SEC./TAX I.D. NO. (if more than one, state all):<br>*XXX-XX-6684* | SOC. SEC./TAX I.D. NO. (if more than one, state all): |
| STREET ADDRESS OF DEBTOR:<br>*7132 Windsor Ave.*<br>*Berwyn, IL 60402*<br>                    *Ph:* | STREET ADDRESS OF JOINT DEBTOR: |
| COUNTY OF RESIDENCE OR OF THE PRINCIPAL PLACE OF BUSINESS:<br>*Cook* | COUNTY OF RESIDENCE OR OF THE PRINCIPAL PLACE OF BUSINESS: |
| MAILING ADDRESS OF DEBTOR:<br>*SAME* | MAILING ADDRESS OF JOINT DEBTOR: |

LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (if different from street address above):
*NOT APPLICABLE*

## Information Regarding the Debtor (Check the Applicable Boxes)

VENUE (Check any applicable box)
[ X ] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District
      for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other
      District.
[ ] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| TYPE OF DEBTOR (Check all boxes that apply)<br>[ X ] Individual(s)          [ ] Railroad<br>[ ] Corporation           [ ] Stockbroker<br>[ ] Partnership          [ ] Commodity Broker<br>[ ] Other _____ | CHAPTER OR SECTION OF BANKRUPTCY CCDE UNDER WHICH<br>THE PETITION IS FILED (Check one box)<br>[ ] Chapter 7    [ ] Chapter 11   [ X ] Chapter 13<br>[ ] Chapter 9    [ ] Chapter 12<br>[ ] Sec. 304 - Case ancillary to foreign proceeding |
|---|---|
| NATURE OF DEBTS (Check one box)<br>[ X ] Consumer/Non-Business    [ ] Business | FILING FEE (Check one box)<br>[ X ] Full Filing Fee attached<br>[ ] Filing Fee to be paid in installments (Applicable to<br>    ind... ...ls only).   Must attach signed application |
| CHAPTER 11 SMALL BUSINESS (Check all boxes that apply)<br>[ ] Debtor is a small business as defined in 11 U.S.C. S101<br><br>[ ] Debtor is and elects to be considered a small business<br>under 11 U.S.C. S1121(e) (Optional) | |

STATISTICAL/ADMINISTRATIVE INFORMATION (Estimates Only)
[ X ] Debtor estimates that funds will be available for distribution to u... ...
      creditors.
[ ] Debtor estimates that, after any exempt property is excluded and ad... ...
      expenses paid, there will be no funds available for distribution to ...
      creditors.

ESTIMATED NO. OF CREDITORS:       [ X ] *1-15*
ESTIMATED ASSETS (thousands):     [ X ] *$100,001 to $500,000*
ESTIMATED DEBTS (thousands):      [ X ] *$100,001 to $500,000*

U.S. Bankruptcy Court
Northern District Of Illinois
Filed: 03/23/2004
Time: 11:40:22
Debtor: ALEX VESELY
Case: 04-11362       Fee : 194
Chapter: 13 Rec. # : 3070299
Judge: Susan Pierson Sonderby
341 mtg: 05/03/2004 @ 12:30PM
ConfHrg: 05/13/2004 @ 10:30AM
Trustee: TOM VAUGHN

1:04BK11362-BK001

(Official Form 1) (12/02)                                                                                          **FORM B1,** Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s): |
|---|---|

| **Prior Bankruptcy Case Filed Within Last 6 Years** (If more than one, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of Attorney

X _____
Signature of Attorney for Debtor(s)
**Kevin L. Willis - ARDC# 6203417**
Printed Name of Attorney for Debtor(s)
**Kevin L. Willis**
Firm Name
**2137 S. Euclid Ave., Ste. 3**
Address
**Berwyn, IL 60402**
**(708)484-1000**
Telephone Number

_____
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____  2/19/04
Signature of Attorney for Debtor(s)       Date

### Exhibit C

Does the debtor own or have possession of any property that poses a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☑ No

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

N/A

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re  *Alex Vesely*
                                                                    Case No.
                                                                    Chapter *13*
_____ / Debtor

Attorney for Debtor: Kevin L. Willis

## STATEMENT Pursuant to Rule 2016(b)

The undersigned, pursuant to Rule 2016(b), Rules of Bankruptcy Procedure, states that:
1.  The undersigned is the attorney for the debtor(s) in this case.

2.  The compensation paid or promised by the Debtor(s), to the undersigned, is as follows:
    a) For legal services rendered, or to be rendered in contemplation of
       and in connection with this case . . . . . . . . . . . . . . . . . . . . $ 2,500.00
    b) Prior to the filing of this Statement, Debtor(s) has paid. . . . . . . .      0.00
    c) Balance Due  . . . . . . . . . . . . . . . . . . . . . . . . . . . .      2,500.00

3.  The Filing Fee *has been paid.*

4.  The Services rendered or to be rendered include the following:
    a)  Analysis of the financial situation, and rendering advice and assistance to the
        debtor(s) in determining whether to file a petition under Title 11, U.S.C.
    b)  Preparation and filing of the petition, schedules, statement of affairs and other
        documents required by the court.
    c)  Representation of the debtor(s) at the first meeting of creditors.

5.  The source of payments made by the debtor(s) to the undersigned was from earnings,
    wages and compensation for services performed, and
    *none other.*

6.  The source of payments to be made by the debtor(s) to the undersigned for the unpaid
    balance remaining, if any, will be from earnings, wages and compensation for services
    performed, and *none other*.

7.  The undersigned has received no transfer, assignment or pledge of property except the
    following for the value stated:
    *None.*

8.  The undersigned has not shared or agreed to share with any other entity, other than
    with members of the undersigned's law firm, any compensation paid or to be paid except
    as follows: *None.*

Dated:                                          Respectfully submitted,

Attorney for Petitioner: *Kevin L. Willis*
                         *2137 S. Euclid Ave., Ste. 3*
                         *Berwyn, IL 60402*

# UNITED STATES BANKRUPTCY COURT

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR

The purpose of this notice is to acquaint you with the four chapters of the federal Bankruptcy Code under which you may file a bankruptcy petition. The bankruptcy law is complicated and not easily described. Therefore, you should seek the advice of an attorney to learn of your rights and responsibilities under the law should you decide to file a petition with the court. Court employees are prohibited from giving you legal advice.

**Chapter 7:** Liquidation ($130 filing fee plus $45 administrative fee)
1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2. Under chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to the priorities of the Bankruptcy Code.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5. Under certain circumstances you may keep property that you have purchased subject to valid security interest. Your attorney can explain the options that are available to you.

**Chapter 13:** Repayment of All or Part of the Debts of an Individual with Regular Income ($130 filing fee plus $30 administrative fee)
1. Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings. Usually, the period allowed by the court to repay your debts is three years, but no more than five years. Your plan must be approved by the court before it can take effect.

3. Under chapter 13, unlike chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4. After completion of payments under your plan, your debts are discharged except alimony and support payments, student loans, certain debts including criminal fines and restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

**Chapter 11:** Reorganization ($800 filing fee plus $30 administrative fee)
Chapter 11 is designed primarily for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:** Family farmer ($200 filing fee plus $30 administrative fee)
Chapter 12 is designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm.

I, the debtor, affirm that I have read this notice.

X _____

| | | |
|---|---|---|
| _____ | _____ | _____ |
| Date | Signature of Debtor | Case Number |

Debtor Copy / Court Copy
(B 201 Rev 4/98)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

## RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
## CHAPTER 13 DEBTORS AND THEIR ATTORNEYS
### (Model Retention Agreement)

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure—but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to expect certain services to be performed by their attorneys, but again, debtors have responsibilities to their attorneys also. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved the following agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys. By signing this agreement, debtors and their attorneys accept these responsibilities.

## *BEFORE THE CASE IS FILED*

### THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

### THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy rule and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

### AFTER THE CASE IS FILED

THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor will also bring to the meeting a social security card.) The debtor must be present in time for check-in and when the case is called for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property, and before entering into any loan agreement.

THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

2

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary amended statements and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Provide any other legal services necessary for the administration of the case before the bankruptcy court.

3

ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES  *[Check one option.]*

☐ Option A: flat fee through confirmation        ☒ Option B: flat fee through case closing

1a. *Pre-confirmation services.* Any attorney
retained to represent a debtor in a Chapter
13 case is responsible for representing the
debtor on all matters arising in the case, un-
less otherwise ordered by the court. For all
of the services outlined above, required to be
provided before confirmation of a plan, the
attorney will be paid a fee of $ _____ . In
extraordinary circumstances, such as extend-
ed evidentiary hearings or appeals, the attor-
ney may apply to the court for additional
compensation for pre-confirmation services.
Any such application must be accompanied
by an itemization of the services rendered,
showing the date, the time expended, and
the identity of the attorney performing the
services. The debtor must be served with a
copy of the application and notified of the
right to appear in court to object.

1b. *Post-confirmation services.* Com-
pensation for services required after confir-
mation will be in such amounts as are
allowed by the court, on application accom-
panied by an itemization of the services
rendered, showing the date, time, and the
identity of the attorney performing the
services. The debtor must be served with a
copy of the application and notified that the
debtor may appear in court to object.

1. Any attorney retained to represent a
debtor in a Chapter 13 case is responsible
for representing the debtor on all matters
arising in the case unless otherwise ordered
by the court. For all of the services outlined
above, the attorney will be paid a fee of
$ 2,500.00 . In extraordinary circum-
stances, such as extended evidentiary hear-
ings or appeals, the attorney may apply to
the court for additional compensation for
these services. Any such application must be
accompanied by an itemization of the ser-
vices rendered, showing the date, the time
expended, and the identity of the attorney
performing the services. The debtor must be
served with a copy of the application and
notified of the right to appear in court to
object.

2. *Retainers.* The attorney may receive a retainer or other payment before filing the case, but
may not receive fees directly from the debtor after the filing of the case. In any application for
fees, whether or not requiring an itemization, the attorney shall disclose to the court any fees paid
by the debtor prior to the case filing.

3. *Improper conduct by the attorney.* If the debtor disputes the sufficiency or quality of the legal
services provided or the amount of the fees charged by the attorney, the debtor may file an
objection with the court and request a hearing.

4

4. *Improper conduct by the debtor*. If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise not engaging in proper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

5. *Discharge of the attorney*. The debtor may discharge the attorney at any time.

Date:

_____

Signed:

X _____            _____

_____            Attorney for Debtor(s)

Debtor(s)

5

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

In re  *Alex Vesely*

Case No.
Chapter *13*
/ Debtor

Attorney for Debtor: Kevin L. Willis

**SUMMARY OF SCHEDULES**

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | AMOUNTS SCHEDULED | | |
|---|---|---|---|---|---|
| | | | ASSETS | LIABILITIES | OTHER |
| A – Real Property | Yes | 1 | $  185,000.00 | | |
| B – Personal Property | Yes | 3 | $    1,250.00 | | |
| C – Property Claimed As Exempt | Yes | 1 | | | |
| D – Creditor Holding Secured Claims | Yes | 1 | | $  160,585.51 | |
| E – Creditors Holding Unsecured Priority Claims | Yes | 1 | | $        0.00 | |
| F – Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | $  109,141.77 | |
| G – Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H – Codebtors | Yes | 1 | | | |
| I – Current Income of Individual Debtor(s) | Yes | 1 | | | $   3,740.00 |
| J – Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $   3,489.61 |

Total Number of sheets
in ALL Schedules ›  13

Total Assets ›  $    186,250.00

Total Liabilities ›  $   269,727.28

In re: *Alex Vesely* _____ / Debtor    Case No. _____

## SCHEDULE A — REAL PROPERTY

| Description and Location of Property | Nature of Debtor's Interest in Property | H W J C | Market Value of Debtor's Interest | Amount of Secured Claim |
|---|---|---|---|---|
| *2 flat residential property* *7132 Windsor, Berwyn, IL 60402* *Purchased 1992 for $105,000.00* | | | $ 185,000 | $ 160,585 |
| | | Total | $ 185,000 | |

In re: *Alex Vesely* _____ / Debtor   Case No.

## SCHEDULE B — PERSONAL PROPERTY

| Description of Property | Location | H W J C | Market Value of Debtor's Interest Before Claim |
|---|---|---|---|
| 1. Cash on hand. *Cash* | | | $ 100 |
| 2. Checking, savings or other financial accounts, certificates of deposits or shares in banks, savings, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. *Checking account* | | | $ 100 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. [x] NONE | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. *Misc. household possessions and furnishings* | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. [x] NONE | | | |
| 6. Wearing apparel. *Necessary wearing apparel* | | | $ 500 |
| 7. Furs and jewelry. [x] NONE | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. [x] NONE | | | |
| 9. Interests in insurance policies. [x] NONE | | | |
| 10. Annuities. [x] NONE | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. [x] NONE | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. *100 shares of Scansoft* | | | $ 550 |

In re: *Alex Vesely* _____ / Debtor   Case No.

## SCHEDULE B — PERSONAL PROPERTY
(Continuation Sheet)

| Description of Property | Location | H W J C | Market Value of Debtor's Interest Before Claim |
|---|---|---|---|

13. Interests in partnerships or joint ventures.
    [x] NONE

14. Government and corporate bonds and other negotiable and non-nego-
    tiable instruments.
    [x] NONE

15. Accounts receivable.
    [x] NONE

16. Alimony, maintenance, support, and property settlements, to which
    the debtor is or may be entitled.
    [x] NONE

17. Other liquidated debts owing debtor including tax refunds.
    [x] NONE

18. Equitable and future interests, life estates, and rights of power
    exercisable for the benefit of the debtor other than those
    listed in Schedule of Real Property.
    [x] NONE

19. Contingent and non-contingent interests in estate of a decedent,
    death benefit plan, life insurance policy, or trust.
    [x] NONE

20. Other contingent and unliquidated claims of every nature, including
    tax refunds, counter claims of the debtor, and the rights to
    setoff claims.
    [x] NONE

21. Patents, copyrights, and other intellectual property.
    [x] NONE

22. Licenses, franchises, and other general intangibles.
    [x] NONE

23. Automobiles, trucks, trailers, and other vehicles and accessories.
    *1998 Ford Econoline Van  225K miles*                    $ 1,500

24. Boats, motors, and accessories.
    [x] NONE

In re: *Alex Vesely* _____ / Debtor    Case No.

### SCHEDULE B — PERSONAL PROPERTY
(Continuation Sheet)

| Description of Property | Location | H W J C | Market Value of Debtor's Interest Before Claim |
|---|---|---|---|

25. Aircraft and accessories.
    [x] NONE

26. Office equipment, furnishings, and supplies.
    [x] NONE

27. Machinery, fixtures, equipment, and supplies used in business.
    [x] NONE

28. Inventory.
    [x] NONE

29. Animals.
    [x] NONE

30. Crops — growing or harvested.
    [x] NONE

31. Farming equipment and implements.
    [x] NONE

32. Farm supplies, chemicals, and feed.
    [x] NONE

33. Other personal property of any kind not already listed.
    [x] NONE

                                        Total      $ 2,750

In re: *Alex Vesely* _____ / Debtor    Case No.

## SCHEDULE C — PROPERTY CLAIMED EXEMPT

Debtor elects the exemptions to which debtor is entitled under:
[x] 11 USC 522(b)(2): Exemptions available under applicable nonbankruptcy
federal laws, and state or local laws.

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property w/o Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | $ 185,000 |
| *2 flat residential property* | | | |
| *7132 Windsor, Berwyn, IL 60402* | | | |
| *Purchased 1992 for $105,000.00* | | | |
| | 735 ILCS 5/12-901 | $ 7,500 | |
| **Cash on hand** | | | $ 100 |
| *Cash* | | | |
| | 735 ILCS 5/12-1001(b) | $ 100 | |
| **Deposits of money with banks, etc** | | | $ 100 |
| *Checking account* | | | |
| | 735 ILCS 5/12-1001(b) | $ 100 | |
| **Wearing apparel** | | | $ 500 |
| *Necessary wearing apparel* | | | |
| | 735 ILCS 5/12-1001(a) | $ 500 | |
| **Stocks & interests in businesses (except partnerships)** | | | $ 550 |
| *100 shares of Scansoft* | | | |
| | 735 ILCS 5/12-1001(b) | $ 550 | |
| **Automobiles, trucks, trailers, etc, and accessories** | | | $ 1,500 |
| *1998 Ford Econoline Van  225K miles* | | | |
| | 735 ILCS 5/12-1001(c) | $ 1,200 | |

In re: *Alex Vesely*_____/ Debtor   Case No.

## SCHEDULE D — CREDITORS HOLDING SECURED CLAIMS

| Creditor Name and Address | Date, Nature of Lien, Description & Value | Claim Amount | Unsecured Portion and Notes* |
|---|---|---|---|
| 1.  Account No.<br>GMAC Mortgage Corporation<br>POB 780<br>Waterloo, IA 50704-0780 | 2000<br>Purchase Money Security<br>2 flat residential property<br>7132 Windsor, Berwyn, IL 60402<br>Claim amount is principal balance<br>Value: $ 185,000.00 | $ 160,585.51 | $ 0.00 |

No continuation sheets attached

Subtotal:  $ 160,585.51
Total:  $ 160,585.51

In re: *Alex Vesely*_____ / Debtor     Case No.

## SCHEDULE E — CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

[X] Debtor has no creditors holding unsecured priority claims to report on this
Schedule E.


## TYPES OF PRIORITY CLAIMS

[ ] **Extensions of credit in an involuntary case**
   Claims arising in the ordinary course of the debtor's business or financial affairs
   after the commencement of the case but before the earlier of the appointment of a
   trustee or the order for relief.  11 U.S.C. S507(a)(2).

[ ] **Wages, salaries, and commissions**
   Wages, salaries, and commissions, including vacation, severance, and sick leave pay
   owing to employees and commissions owing to qualifying independent sales
   representatives up to $4300* per person earned within 90 days immediately preceding
   the filing of the original petition, or the cessation of business, whichever
   occurred first, to the extent provided in 11 U.S.C. S507(a)(3).

[ ] **Contributions to employee benefit plans**
   Money owed to employee benefit plans for services rendered within 180 days immediately
   preceding the filing of the original petition, or the cessation of business, whichever
   occurred first, to the extent provided in 11 U.S.C. S507(a)(4).

[ ] **Certain farmers and fishermen**
   Claims of certain farmers and fishermen, up to $4300* per farmer or fisherman, against
   the debtor, as provided in 11 U.S.C. S507(a)(5).

[ ] **Deposits by individuals**
   Claims of individuals up to $1950* for deposits for the purchase, lease, or rental of
   property or services for personal, family, or household use, that were not delivered
   or provided.  11 U.S.C. S507(a)(6).

[ ] **Alimony, Maintenance, or Support**
   Claims of a spouse, former spouse, or child of the debtor, for alimony, maintenance or
   support, to the extent provided in 11 U.S.C. S507(a)(7).

[ ] **Taxes and Certain Other Debts Owed to Governmental Units**
   Taxes, customs duties, and penalties owing to federal, state, and local governmental
   units as set forth in 11 U.S.C. S507(a)(8).

[ ] **Commitments to Maintain the Capital of an Insured Depository Institution**
   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift
   Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve
   System, or their predecessors or successors, to maintain the capital of an insured
   depository institution.  11 U.S.C. S507(a)(9).


* Amounts are subject to adjustment on April 1, 2001, and every three years thereafter
  with respect to cases commenced on or after the date of adjustment.

No continuation sheets attached

In re: *Alex Vesely* _____ / Debtor   Case No.

## SCHEDULE F — CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| Creditor Name and Address | Date Claim was Incurred Consideration for Claim | Claim Amount and Notes* |
|---|---|---|
| 1. Account No.<br>American Express<br>POB 360002<br>Ft. Lauderdale, FL 33336-0002 | 1995-03<br>Credit card purchases | $ 5,862.77 |
| 2. Account No.<br>AT&T Universal Card<br>POB 6909<br>The Lakes, NV 88901-6909 | 1995-03<br>Credit card purchases | $ 3,896.00 |
| 3. Account No. 5417122594601823<br>Bank One<br>Cardmember Service<br>Wilmington, DE 19886-5153 | 1995-03<br>Credit card purchases | $ 12,000.00 |
| 4. Account No. 5544571011128990<br>Bank One<br>Cardmember Service<br>Wilmington, DE 19886-5153 | 1995-03<br>Credit card purchases | $ 7,953.00 |
| 5. Account No. 4118171000001065<br>Bank One<br>Cardmember Service<br>Wilmington, DE 19886-5153 | 1995-03<br>Credit card purchases | $ 13,204.00 |
| 6. Account No.<br>Capital One Services<br>POB 60000<br>Seatttle, WA 98190-6000 | 1995-03<br>Credit card purchases | $ 11,553.00 |
| 7. Account No.<br>Chase<br>POB 52046<br>Phoenix, AZ 85072-2046 | 1995-03<br>Credit card purchases | $ 6,090.00 |
| 8. Account No.<br>Chase Wal-Mart<br>POB 52126<br>Phoenix, AZ 85072-2126 | 1995-03<br>Credit card purchases | $ 4,613.00 |

1 continuation sheet attached                    Subtotal:   $ 65,171.77

In re: *Alex Vesely* _____ / Debtor    Case No.

## SCHEDULE F — CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| | Creditor Name and Address | Date Claim was Incurred Consideration for Claim | Claim Amount and Notes* |
|---|---|---|---|
| 9. | Account No.<br>Discover Card<br>POB 30395<br>Salt Lake City, UT 84130 | 1995–03<br>Credit card purchases | $ 11,300.00 |
| 10. | Account No. 5447180086045234<br>Fleet Credit Card Service<br>POB 15368<br>Wilmington, DE 19886-5368 | 1995–03<br>Credit card purchases | $ 7,621.00 |
| 11. | Account No.<br>Kohl's<br>POB 2983<br>Milwaukee, WI 53201 | 1995–03<br>Credit card purchases | $ 287.00 |
| 12. | Account No.<br>MBNA America<br>POB 15019<br>Wilmington, DE 19886 | 1995–03<br>Credit card purchases | $ 19,768.00 |
| 13. | Account No.<br>Retail Services<br>POB 17298<br>Baltimore, MD 21297 | 2001<br>Credit card purchases | $ 923.00 |
| 14. | Account No.<br>Sears Gold MasterCard<br>POB 182156<br>Columbus, OH 43218 | 1995–03<br>Credit card purchases | $ 4,071.00 |

Sheet no. 1 of 1

Subtotal:   $ 43,970.00
Total:   $ 109,141.77

In re: *Alex Vesely* _____ / Debtor     Case No.

## SCHEDULE G — EXECUTORY CONTRACTS AND UNEXPIRED LEASES

| Name and Address of Other Parties to Instrument | Notes of Contract or Lease and Debtor's Interest |
| --- | --- |

[X] No executory contracts or unexpired leases.

In re: *Alex Vesely* _____ / Debtor     Case No.

## SCHEDULE H — CODEBTORS

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|

[X] Debtor has no codebtors.

In re: *Alex Vesely* _____ / Debtor     Case No.

## SCHEDULE I—CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

DEBTOR'S MARITAL STATUS: *Single*

DEPENDENTS OF DEBTOR AND SPOUSE: None

EMPLOYMENT:

|  | DEBTOR | SPOUSE |
|---|---|---|
| Occupation: | Self employed | |
| Name of Employer: | artist/sculptor/craftsman | |
| How Long Employed: | 2 1/2 years | |
| Employer Address: | | |

|  | DEBTOR | SPOUSE |
|---|---|---|
| INCOME: | | |
| Current monthly gross wages, salary, and commissions | $ 2,640.00 | $ |
| Estimated monthly overtime | $ 0.00 | $ |
| SUBTOTAL | $ 2,640.00 | $ |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 0.00 | $ |
| b. Insurance | $ 0.00 | $ |
| c. Union dues | $ 0.00 | $ |
| d. Other: | $ 0.00 | $ |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ |
| TOTAL NET MONTHLY TAKE HOME PAY | $ 2,640.00 | $ |
| | | |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ 0.00 | $ |
| Income from real property | $ 1,100.00 | $ |
| Interest and dividends | $ 0.00 | $ |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ |
| Social security or other government assistance | $ 0.00 | $ |
| Pension or retirement income | $ 0.00 | $ |
| Other monthly income | $ 0.00 | $ |
| TOTAL MONTHLY INCOME | $ 3,740.00 | $ |
| TOTAL COMBINED MONTHLY INCOME | $ 3,740.00 | |

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:
    NONE

In re: *Alex Vesely* _____ / Debtor    Case No.

## SCHEDULE J–CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

[ ] Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse".

| | | |
|---|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,524.61 |
| Are real estate taxes included?   Yes x   No___ | | |
| Is property insurance included?   Yes x   No___ | | |
| Utilities: Electricity and heating fuel | $ | 300.00 |
|       Water and sewer | $ | 140.00 |
|       Telephone | $ | 110.00 |
|       Other | $ | 0.00 |
| Home maintenance (repairs and upkeep) | $ | 0.00 |
| Food | $ | 350.00 |
| Clothing | $ | 100.00 |
| Laundry and Dry cleaning | $ | 25.00 |
| Medical and Dental expenses | $ | 20.00 |
| Transportation (not including car payments) | $ | 100.00 |
| Recreation, clubs, and entertainment, newspaper, magazines, etc. | $ | 0.00 |
| Charitable contributions | $ | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | |
|       Homeowner's or renter's | $ | 0.00 |
|       Life | $ | 0.00 |
|       Health | $ | 0.00 |
|       Auto | $ | 70.00 |
|       Other | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgages) | | |
|       Monthly income taxes | $ | 250.00 |
| Installment payments:(Do not list payments to be included in the plan) | | |
|       Auto | $ | 0.00 |
|       Other | $ | 0.00 |
| Alimony, maintenance, and support paid to others | $ | 0.00 |
| Payments for support of additional dependents not living at your home | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| Other Raw material purchases | $ | 500.00 |
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ | 3,489.61 |

FOR CHAPTER 12 AND 13 DEBTORS ONLY

| | | |
|---|---|---:|
| A. Total projected monthly income | $ | 3,740.00 |
| B. Total projected monthly expenses | $ | 3,489.61 |
| C. Excess income (A minus B) | $ | 250.39 |
| D. Total amount to be paid into plan Monthly | $ | ██████ |

In re: *Alex Vesely* _____ / Debtor      Case No.

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing Summary and Schedules, consisting of 14 sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____     Signature ╳ _____
                                          *Alex Vesely, Debtor*

Penalty for making a false statement or concealing property.  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. SS 152 and 3571.

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re  *Alex Vesely*                                              Case No.
                                                                 Chapter *13*
_____ / Debtor

Attorney for Debtor: Kevin L. Willis

### STATEMENT OF FINANCIAL AFFAIRS

1. Income from Employment or Operation of Business.

     State the gross amount of income the debtor has received from employment, trade, or
profession, or from operation of the debtor's business from the beginning of this calendar
year to the date this case was commenced. State also the gross amounts received during the
two years immediately preceding this case calendar year.

     Income, year to date: *2004: $ 7,000.00*
               Last year: *2003: $26,000.00*
            Year before: *2002: $28,000.00*
              Source(s): *Employment and self-employment income*

_____

2. Income other than from Employment or Operation of Business.

     State the amount of income received by the debtor other than from employment, trade,
profession, or operation of the debtor's business during the two years immediately
preceding the commencement of this case.

     [X] None

_____

3. Payments to Creditors.

     a. List all payments on loans, installments, purchases of goods or services, and
other debts, aggregating more than $600 to any creditor, made within 90 days immediately
preceding the commencement of this case.

     [X] None

_____

b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.

[X] None

---

4. Suits and Administrative Proceedings, Executions, Garnishments and Attachments.

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.

[X] None

---

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case.

[X] None

---

5. Repossessions, Foreclosures and Returns.

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.

[X] None

---

6. Assignments and Receiverships.

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.

[X] None

---

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.

[X] None

7. Gifts.

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.

[X] None

8. Losses.

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.

[X] None

9. Payments Related to Debt Counseling or Bankruptcy.

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

[X] None

### 10. Other Transfers.

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as a security within one year immediately preceding the commencement of this case.

[X] None

---

### 11. Closed Financial Accounts.

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.

[X] None

---

### 12. Safe Deposit Boxes.

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.

[X] None

---

### 13. Setoffs.

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case.

[X] None

---

14. Property held for Another Person.

    List all property owned by another person that the debtor holds or controls.

    [X] None

_____

15. Prior Address of Debtor.

    If the debtor has moved within the two years immediately preceding the commencement
of this case, list all premises which the debtor occupied during that period and vacated
prior to the commencement of this case.

    [X] None

_____

16. Nature, Location and Name of Business.

    a. If the debtor is an individual, list the names and addresses of all businesses in
which the debtor was an officer, director, partner, or managing executive of a
corporation, partnership, sole proprietorship, or was self-employed professional within
the two years immediately preceding the commencement of this case, or in which the debtor
owned 5 percent or more of the voting or equity securities within the two years
immediately preceding the commencement of this case.

    b. If the debtor is a partnership, list the names and addresses of all businesses in
which the debtor was a partner or owned 5 percent or more of the voting securities, within
two years immediately preceding the commencement of this case.

    c. If the debtor is a corporation, list the names and addresses of all businesses in
which the debtor was a partner or owned 5 percent or more of the voting securities within
two years immediately preceding the commencement of this case.

    [X] None

_____

17. Books, records and financial statements.

a. List all bookkeepers and accountants who within the six years immediately preceding the filing of this bankruptcy case kept or supervised keeping of books of account and records of the debtor.

[X] None

b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

[X] None

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

[X] None

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within two years immediately preceding the commencement of this case by the debtor.

[X] None

18. Inventories.

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

[X] None

b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

[X] None

19. Current Partners, Officers, Directors and Shareholders.

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

[X] None

_____

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

[X] None

_____

20. Former partners, officers, directors and shareholders.

a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

[X] None

_____

b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

[X] None

_____

21. Withdrawals from a Partnership or Distributions by a Corporation.

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

[X] None

_____

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing Statement of Financial Affairs and any attachments thereto and that they are true and correct.

Date _____   Signature X _____
                                        Alex Vesely, Debtor

Penalty for making a false statement or concealing property.  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. SS 152 and 3571.

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

In re  *Alex Vesely*                                                     Case No.
                                                                        Chapter *13*
_____ / Debtor

Attorney for Debtor: Kevin L. Willis

### CHAPTER 13 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1. I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2. I intend to do the following with respect to the property of the estate which secures those consumer debts:

a. Property to be Surrendered

Description of Property              Creditor's Name

     NONE


b. Property to be Retained

Description of Property              Creditor's Name              Intention

2 flat residential property       GMAC Mortgage Corporation      Reaffirm 524(c)*

*524(c): Debt will be reaffirmed pursuant to Sec. 524(c)

**Signature of Debtor(s)**

_____
Debtor: *Alex Vesely*

Date: